UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MS AMLIN MARINE N.V. t/z Lead Yacht acting on behalf of MS Amlin Insurance SE; SYNDICATE 0457; SYNDICATE 1969; SYNDICATE 2791; SYNDICATE 5000; AND CONVEX INSURANCE U.K. LTD., UNDERWRITERS AT LLOYD'S, LONDON Subscribing to Policy B1098M203407,<br>            Plaintiffs,<br><br>       v.<br><br>DELTA MARINE INDUSTRIES, INC., a Washington corporation; MARINE TRAVELIFT, INC., a Wisconsin corporation; KENDRICK EQUIPMENT (USA) LLC, a Washington corporation, and KENDRICK EQUIPMENT, LTD., a Canadian corporation, ARXCIS, INC., a Washington corporation,<br>            Defendants. | CASE NO. 2:23-cv-14<br><br>ORDER DENYING ENTRY OF PROTECTIVE ORDER |

This matter comes before the Court on the Parties' Joint Motion for Entry of Protective Order and Proposed Order. Dkt. No. 33. The Court has considered the motion and proposed order and hereby DENIES the motion without prejudice for the reasons stated below.

This Court may issue a protective order upon a showing of good cause. Fed. R. Civ. P. 26(c). Although the parties may agree upon confidentiality among themselves, if they request Court involvement, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. *See*

- 1

*Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) ("[E]ven if the parties agree that a protective order should be entered, they still have the burden of showing that good cause exists for issuance of the order.").

Here, the parties have asked the Court to grant them broad discretion to designate documents as "confidential," but their definition of "confidential materials" includes blanket protections for documents containing "personal, private, [and] sensitive" records and "protected business information." These broad categories lack specificity and are in contravention of the Federal and Local Civil Rules. *See* Fed. R. Civ. P. 26(c); *see also* Model Stipulated Protective Order at ¶ 2 ("[D]o not list broad categories of documents such as 'sensitive business material.'"). Any protective order entered by the Court must be narrowly drawn and clearly identify the document or type of documents subject to the order.

Next, the proposed order also strikes Exhibit A to the model order, which is a certification for certain persons viewing confidential information to "acknowledge[ ] and agree[ ] to be bound" by the protective order. The parties offer no explanation for deviating from the model order in this way.

Finally, "[t]here is a strong presumption of public access to the court's files," but the proposed order would grant the parties unilateral authority to determine which information becomes public by redacting *any* information, as opposed to "sensitive information," not necessary for the Court to review as contemplated by the Local Rules. *See* 5(g)(1)(A)-(B). The Court declines to ratify the language in the proposed order and suggests that the parties revert to the language in the model order.

The parties may resubmit a proposed protective order if they remedy the deficiencies identified in this Order.

Dated this 6th day of June, 2023.

Jamal N. Whitehead
United States District Judge

ORDER DENYING ENTRY OF PROTECTIVE ORDER - 3