UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MS AMLIN MARINE NV, SYNDICATE 0457, SYNDICATE 1969, SYNDICATE 2791, SYNDICATE 5000, CONVEX INSURANCE UK LTD, and UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY B1098M203407, | CASE NO. 2:23-cv-14 ORDER RE PLAINTIFFS' MOTIONS TO SEAL AT DKT. NOS. 53 & 79 |
| Plaintiffs, | |
| v. | |
| DELTA MARINE INDUSTRIES INC, MARINE TRAVELIFT INC, KENDRICK EQUIPMENT (USA) LLC, KENDRICK EQUIPMENT LTD, and ARXCIS INC., | |
| Defendants. | |

## 1. INTRODUCTION

Plaintiffs filed two motions to seal.[1] Dkt. Nos. 53, 79. The Court has considered the papers submitted in support of and opposition to the motions, the

---

[1] "Plaintiffs" refers to MS Amlin Marine N.V. t/a Lead Yacht acting on behalf of MS Amlin Insurance SE; Syndicate 0457; Syndicate 1969; Syndicate 2791; Syndicate 5000; Convex Insurance U.K. Ltd., and Underwriters at Lloyd's London Subscribing to Policy B1098M203407.

ORDER - 1

1
2
3

relevant parts of the record, and the governing law. Being fully advised, the Court DEFERS ruling on Plaintiffs' Motion to Seal Exhibit 8. Dkt. No. 53. The Court GRANTS, in part, Plaintiffs' Motion to Seal Exhibits G, K, and L. Dkt. No. 79.

## 2. BACKGROUND

4
5
6
7
8
9
10
11
12

The Court entered a stipulated Protective Order on September 12, 2023. Dkt. No. 38. The Stipulated Protective Order defines confidential materials as "documents containing personal information about the parties' employees or customers as referenced in WDWA Local Rule 5.2, proprietary information/trade secrets, or financial data and records of individuals and parties" *Id*. at 2. Plaintiffs filed each of these instant motions to seal to provide Defendant Delta the opportunity to maintain certain materials designated as confidential under seal. Delta asks the Court to maintain some of these materials under seal. Dkt. No. 60.

## 3. DISCUSSION

13
14

### 3.1   Legal standard.

15
16
17
18
19
20
21
22
23

"There is a strong presumption of public access to the court's files." LCR 5(g). Thus, "the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up). "[T]o minimize the amount of material filed under seal," parties have a duty to meet and confer before moving to seal. LCR 5(g)(3)(A). And even when the parties agree that certain documents should be sealed, courts will not seal those documents unless they meet the requisite standard. LCR 5(g)(3).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Under Local Civil Rule 5, motions to seal must contain "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of" the following:

> i. the legitimate private or public interests that warrant the relief sought;
>
> ii. the injury that will result if the relief sought is not granted; and
>
> iii. why a less restrictive alternative to the relief sought is no sufficient.

LCR 5(g)(3)(B)(i)–(iii). To establish these factors, parties may need to submit evidence. LCR 5(g)(3)(B). When litigants request to seal documents attached to dispositive motions, as they do here, a higher burden applies; they "must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1179–80.

Local Civil Rule 5 clarifies who bears the burden on a motion to seal in cases where a stipulated protective order governing the discovery of confidential documents is in place. The rule states:

> Where parties have entered a litigation agreement or stipulated protective order (*see* LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

LCR 5(g)(3)(B). Here, Plaintiffs moved to seal Delta's confidential documents. Thus, Delta must establish that sealing the documents is appropriate.

1

2

**3.2    Exhibit 8.**

Plaintiffs' first motion asks the court to seal Exhibit 8 to Katie Mattison's declaration that was filed contemporaneously with Plaintiffs' Moton for Summary Judgment. Dkt. No. 53 (Ex. 8 filed under temporary seal at Dkt. No. 57). Exhibit 8 contains plans for the TRITON—the pleasure yacht at issue here—including Delta's lift plan and Delta's docking plan. Dkt. 57. The lift plan is pages 2–9 of Exhibit 8 and the docking plan is page 10. *Id.* Delta designated Exhibit 8 as "confidential" under the parties' stipulated protective order when it produced these documents in discovery.

As the designating party, Delta must establish that sealing Exhibit 8 is warranted. But it did not address the legal standard or the factual reasons for keeping Exhibit 8 sealed in its briefing. *See* Dkt. No. 60; LCR 5(g)(3)(B). Thus, the Court has insufficient information to determine whether Exhibit 8 should be sealed and DEFERS ruling on the motion.

Delta is ORDERED to SHOW CAUSE as to why the Court should not lift the seal on Exhibit 8 within 14 DAYS of the date of this order.

**3.3    Exhibit G.**

Plaintiffs also ask the Court to seal Exhibit G to Patrick Hudson's declaration that was filed with Plaintiffs' Summary Judgment Replies. Dkt. No. 79. Exhibit G is a copy of Delta Marine's Weight & Center of Gravity Spreadsheet, Bates Stamped DMI 001368–DMI 001370, concerning the weight of the TRITON. Delta tagged

Exhibit G as confidential when it was produced during discovery. Delta is unwilling to withdraw the confidential designation from Exhibit G.

Delta contends that these documents contain intellectual property that would result in substantial harm and injury if released to the public. They contain technical specifications for the TRITON. And Delta has a legitimate privacy interest in keeping its confidential business information private and confidential. They also assert that there is not another option besides sealing all 10 pages of the Exhibit.

Upon review, the Court agrees with Delta and finds that a compelling reason exists to main Exhibit G under seal. The Court GRANTS Plaintiffs' motion to seal Exhibit G.

### 3.4   Exhibits K and L.

Plaintiffs sought to seal Exhibits K and L because these records were designated as confidential previously by Delta, the producing party. Exhibit K to the Hudson Declaration is the Arxcis Inspection Worksheets and Certificates, 2013 to 2021. Exhibit L is the Arxcis Inspection Certificate, July 29, 2014. Delta indicates that Exhibit K and Exhibit L need not be filed under seal. Accordingly, the Court DENIES Plaintiffs' motion to seal Exhibits K and L and directs the Clerk to unseal them.

## 4.   CONCLUSION

The Court HEREBY ORDERS:

- The Court DEFERS ruling on Plaintiffs' Motion to Seal Exhibit 8, Dkt. No. 53. Delta must SHOW CAUSE no later than 14 DAYS from the

date of this Order as to why the Court should not unseal Exhibit 8,

Dkt. No. 57. Until then, Exhibit 8, Dkt. No. 57, will remain sealed.

- Plaintiffs' Motion to Seal Exhibits G, K, and L, Dkt. No. 79, is

  GRANTED IN PART AND DENIED IN PART as follows:

  - Dkt. No. 81, which is Exhibit G, will REMAIN SEALED.

  - The Court DIRECTS the Clerk to UNSEAL Dkt. Nos. 82 and 83,

    which are Exhibits K and L respectively.

Dated this 9th day of July, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 6