UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MS AMLIN MARINE NV, SYNDICATE 0457, SYNDICATE 1969, SYNDICATE 2791, SYNDICATE 5000, CONVEX INSURANCE UK LTD, and UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY B1098M203407,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA MARINE INDUSTRIES INC, MARINE TRAVELIFT INC, KENDRICK EQUIPMENT (USA) LLC, KENDRICK EQUIPMENT LTD, and ARXCIS INC,<br><br>Defendants. | CASE NO. 2:23-cv-14<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO SEAL EXHIBIT 8 |

Plaintiffs filed two motions to seal. Dkt. Nos. 53 and 79. The Court already granted one motion, Dkt. No. 79, but the Court lacked sufficient information to rule on the other motion, Dkt. No. 53. *See* Dkt. No. 91 at 4. The motion at Dkt. No. 53 asked the Court to seal Exhibit 8 to Katie Mattison's declaration, Dkt. No. 57, which was filed under temporary seal. The Court ordered Defendant Delta Marine

ORDER - 1

Industries, as the party wishing to keep Exhibit 8 under wraps, why the exhibit should remain sealed. The Court directed Delta to address the requirements for sealing under Local Civil Rule (LCR) 5. Delta filed a response to the Order, addressing LCR 5. Dkt. 92.

Having considered Delta's response (Dkt. 92), the initial briefing on the motions to seal, the record, and the law, the Court is fully informed and finds that Exhibit 8 should remain sealed. The Court agrees that it contains private business information, including proprietary information, and that Delta has a legitimate interest in keeping the information confidential. Further, the Court finds that the parties have taken steps to minimize the amount of information filed under seal and that Delta has sufficiently explained why there is not a "less restrictive alternative" to sealing Dkt. No. 57. The Court finds that the requirements of LCR 5(g)(3)(B) are met and that there are compelling reasons to seal Exhibit 8.

Accordingly, the Court GRANTS Plaintiffs' Motion to Seal, Dkt. No. 53. Exhibit 8 to the Declaration of Katie Mattison, Dkt. No. 57, will REMAIN SEALED.

Finally, because the Court has entered a stipulated order of dismissal, dismissing Defendant Marine Travelift, Inc. from this action, the Court sua sponte AMENDS the case caption, removing Marine Travelift as a named defendant. Dkt. No. 94. All future filings should include the updated caption.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 16th day of July, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 3