UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MS AMLIN MARINE NV, SYNDICATE 0457, SYNDICATE 1969, SYNDICATE 2791, SYNDICATE 5000, CONVEX INSURANCE UK LTD, and UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY B1098M203407,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA MARINE INDUSTRIES INC., DELTA MARINE INDUSTRIES INC, MARINE TRAVELIFT INC, KENDRICK EQUIPMENT (USA) LLC, KENDRICK EQUIPMENT LTD, and ARXCIS INC,<br><br>Defendants. | CASE NO. 2:23-cv-14<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Defendant Delta Marine Industries, Inc. requests reconsideration of the Court's Omnibus Order, Dkt. No. 177. "Motions for reconsideration are disfavored," LCR 7(h)(1), and "will be denied absent a showing of either manifest error in the Court's prior ruling or a showing of new facts or legal authority" that could not have been brought to the Court's attention earlier with reasonable diligence, *Hempel v.*

ORDER DENYING MOTION FOR RECONSIDERATION - 1

*United States*, 2002 WL 1987644, at *3 (W.D. Wash. June 25, 2002) (citing LCR 7(h)(1)). Whether to grant reconsideration is left to the Court's discretion. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Because Delta has met neither requirement, the Court DENIES its motion. Dkt. No. 178.

That said, two points are worth clarifying. First, contrary to Delta's suggestion, the Court's prior Order did not establish OSHA regulations as superior to WISHA regulations in defining the relevant standard of care at trial. Rather, such regulations may be admitted as "some evidence" of the applicable standard. Dkt. No. 177 at 21–22. Second, the Court considered Plaintiffs' request for spoliation sanctions as a discovery matter under Rule 37. *Id.* at 25–34. The Court's Order made no determination about the "spoliation of evidence" as a standalone cause of action.

Dated this 4th day of February, 2025.

Jamal N. Whitehead
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 2